

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 19, 2020

**BY ECF**

The Honorable George B. Daniels
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Willie Evans et al.*, S3 20 Cr. 57 (GBD)

Dear Judge Daniels:

      The Government respectfully writes in opposition to the motion for reconsideration of pretrial bail by defendant Jerlaine Little, a/k/a "Noni" (the "defendant" or "Little") (*see* ECF No. 96) in the above-captioned case. The conditions supporting the defendant's detention have not materially altered since the Court's February 26, 2020 detention ruling such that the defendant can now show that she does not pose either a danger to the community or a flight risk. In opposition, the Government relies on its prior arguments before the Court in its February 18, 2020 letter (ECF No. 12), its February 25, 2020 letter (ECF No. 82), and its arguments made at the February 26, 2020 detention hearing, and responds in this letter to certain points raised by the defense.

      **I.**    **THE CONDITIONS AT THE MCC HAVE NOT MATERIALLY CHANGED**

      The defense cites the recent COVID-19 pandemic and the conditions at MCC as the justification to release the defendant. The Government acknowledges that the general situation is evolving rapidly and changing on a daily basis. Currently, the Government is unaware of any confirmed COVID-19 cases at the MCC. The defense argues that it is safer for the defendant to be on home incarceration than in the MCC given the outbreak of the pandemic. But this comparative risk assessment is speculative at best, and does not take into consideration the danger to the community posed by releasing the defendant. Moreover, the MCC has put in place measures to mitigate the spread of the virus. For example, the Government understands that the MCC has implemented certain screening procedures to identify potentially symptomatic inmates. The MCC has also separated inmates deemed "at risk" to a separate unit. The MCC has also increased the availability of soap and other cleaning supplies.

### II. THE PROPOSED CONDITIONS OF RELEASE WILL NOT ASSURE THE SAFETY OF THE COMMUNITY

The defense argues that the Court should temporarily release the defendant on a $200,000 bond co-signed by three individuals, strict pretrial monitoring, and home incarceration with GPS monitoring. For all the reasons the Government previously cited – in particular, in the February 25 letter – and as the Court found after a lengthy bail argument, home incarceration with electronic monitoring will not assure the safety of the community. The defendant was a high-ranking member of the 59 Brims, and after her expulsion from the gang in July 2019, she became a high-ranking member of another gang. Moreover, as alleged in the Indictment, the defendant used her home to lure robbery victims, and she used her home both to sell drugs and to store firearms used by members of the gang.

\* \* \*

For all the reasons set forth above and as set forth in the Government's prior detention letters and the prior bail argument before the Court on February 26, 2020, the Court should deny the defendant's motion for reconsideration of bail conditions.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _s/_
Adam S. Hobson
Michael D. Longyear
Jacob Warren
Assistant United States Attorneys
Southern District of New York
(212) 637-2484 / 2333 / 2264

cc: Xavier R. Donaldson, Esq. (by ECF)