UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA,

    -against-

JERLAINE LITTLE,

                Defendant.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

20 Crim. 57-15

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se,* moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Reduction of Sentence ("Def.'s Mot."), ECF No. 535.) The Government opposes Defendant's motion. (*See* Ltr. of USA in Opp. to Def.'s Mot. for Compassionate Release, dated February 23, 2023 ("Gov't Opp."), ECF No. 618.) Defendant argues that her preexisting medical conditions and the Bureau of Prison's ("BOP") alleged failure to provide adequate medical care present "extraordinary and compelling" reasons justifying her immediate release. (Def.'s Mot. at 15; Def.'s Reply, ECF No. 624, at 2–4.) Defendant's motion is DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced on March 23, 2022 to 70 months' imprisonment for conspiracy to distribute, and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and a racketeering conspiracy, in violation of 18 U.S.C. § 962(d). (*See* J., ECF No. 467, at 1–2.) Defendant is incarcerated at FCI Hazelton, with a projected release date of January 27, 2025. *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 15, 2023).

## II.    LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the

unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).[1] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction."). Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons[.]" United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)–(C). There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

### III. DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HER RELEASE

Defendant is approximately 31 years old and suffers from type two diabetes, obesity, chronic kidney disease, and gastrointestinal issues. (Def.'s Mot. at 5; *see also* ECF No. 618-2

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government does not oppose Defendant's motion on exhaustion grounds and concedes that she has satisfied her administrative exhaustion requirement. (*See* Gov't Opp. at 5, fn. 2.)

("Ex. B"); ECF No. 618-3 ("Ex. C").) Defendant contends that the BOP has failed to provide adequate medical care for her conditions. (Def.'s Mot. at 15–16.) The Government maintains that the Defendant's medical conditions, while serious, are not terminal, and that the BOP is adequately managing her care. (*See* Gov't Opp. at 6.)

Even considering her underlying medical conditions, Defendant has failed to demonstrate "extraordinary and compelling reasons" to justify her immediate release. Defendant's medical conditions, while serious, do not support her early release. Defendant's health records indicate that the BOP is monitoring and managing her renal and gastrointestinal conditions in an adequate manner. (*See generally* Ex. B at 1–2, 4, 6, 13; Ex. C at 1, 5, 78.); *see also United States v. Mood*, No. 19 Crim. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying compassionate release to defendant with diabetes, hypertension, and obesity, among other conditions, where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication."). The BOP has referred Defendant to outpatient gastroenterologists for evaluation and treatment and has also advised Defendant to adhere to her prescribed medical regiment for her gastrointestinal issues.[2] (*See* Ex. B at 1, 4, 6, 22; Ex. C. at 3, 78.)

Even if the Defendant's medical conditions were extraordinary and compelling, the 18 U.S.C. § 3553(a) factors counsel against Defendant's early release. The nature, circumstances, and seriousness of Defendant's offenses indicate that the sentence currently imposed remains sufficient but not greater than necessary in this case. Defendant's current sentence appropriately

---

[2] Defendant's BOP medical records indicate that she has not followed the medical regimen prescribed by physicians for her gastrointestinal issues. *See* Ex. B at 1 ("[Defendant] admits she has not been steadfast in following the [prescribed] regiment [sic] and is suffering the consequences as a result of her noncompliance[.]"); *see also id.* at 4, 6 ("[Defendant] has not been compliant with therapies as prescribed.").

3

reflects the gravity of her offenses, the weight of her prior criminal history, and the need for deterrence.

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce her sentence, Defendant's request for compassionate release is DENIED. The Clerk of Court is hereby directed to close the open motion at ECF No. 535, to mail a copy of this Memorandum and Order to Defendant, and to note the mailing on the docket.

Dated: May 18, 2023
  New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge